NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
CATHERINE HRBEK,                    :
                                    :
             Plaintiff,             :     Civ. No. 01-5115 (GEB)
                                    :
      v.                            :     **MEMORANDUM OPINION**
                                    :
JO ANNE B. BARNHART,                :
Commissioner of Social Security,    :
                                    :
             Defendant.             :
_____:

**BROWN, Chief Judge**

    This matter comes before the Court upon the appeal of plaintiff Catherine Hrbek ("Plaintiff") from the Commissioner of Social Security's ("Commissioner") final decision that Plaintiff was not entitled to disability insurance benefits under the Social Security Act ("the Act"). The Court, exercising jurisdiction pursuant to 42 U.S.C. § 405(g), and having considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78, will deny Plaintiff's appeal.

**I.  BACKGROUND**

    On May 24, 1999, Plaintiff filed an application for disability insurance benefits and supplemental security income under Title II and Part A of Title XVIII of the Act. (Record ("R.") at 64). She claimed she was disabled primarily as a result of her asthma. (Id.). Her application was denied initially and on reconsideration. (R. at 20). Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"), which she attended with her attorney on March 15, 2000.

(Id.).  The ALJ issued a decision on March 21, 2001, in which he decided that Plaintiff was not disabled.  (R. at 7).  The ALJ's decision became final when the Appeals Council denied Plaintiff's request for review on August 31, 2001.  (R. at 2-3).  This action followed.

At the time of the ALJ's decision, Plaintiff was age forty.  (R. at 11).  She had completed the eleventh grade of school.  (Id.).  Plaintiff has worked "off the books" as a waitress.  (R. at 31).  She also had past work as a crossing guard.  (R. at 27).  She claimed she had recent asthma attacks but submitted no evidence thereof, even though the ALJ specially held open the hearing for submission of such evidence.

Plaintiff's medical condition was considered by several doctors.  Dr. Wilchfort examined Plaintiff on July 15, 1999.  (R. at 121-23).  He noted that Plaintiff was smoking one-half pack of cigarettes daily.  (R. at 121).  On physical examination, her height was 62 inches, her weight was 204 pounds and she was "fairly obese."  (R. at 122).  Her respirations were unlabored.  (Id.).  Her lungs were clear, with no wheezing.  (Id.).  The cardiac examination was normal, as was her chest x-ray.  (Id.).  Her pulmonary function tests showed a forced vital capacity ("FVC") of 66 percent of predicted levels.  (Id.).  The forced expiratory volume ("FEV") was 56 percent of the predicted value, suggesting moderate obstruction.  (Id.).  The introduction of bronchodilators improved Plaintiff's FVC to 83 percent, and FEV reaching 79 percent, suggesting mild obstruction.  (Id.).  Dr. Wilchfort determined that Plaintiff's asthma had been exacerbated by cigarette smoking.  (Id.).

On August 2, 1999, Dr. Carducci assessed Plaintiff's medical condition and found that she had bronchial asthma, without frequently recurrent prolonged episodes.  (R. at 69).  He noted that she was on a maintenance steroid inhaler, and had a mild decrease in FEV/FVC which

normalized on testing with a bronchodilator. (Id.). He also noted her obesity as a factor in her breathing. (See R. at 68, 70).

Dr. Carducci assessed that Plaintiff could lift 10 pounds frequently and 20 pounds occasionally, stand or walk with normal breaks for a total of about 6 hours in an 8 hour day, and sit for about 6 hours in an 8 hour work day. (R. at 69). Her ability to push and pull was unlimited. (Id.). She could perform occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (R. at 70). She had no manipulative limitation. (R. at 69).

On March 21, 2001, the ALJ decided that Plaintiff was not disabled. (R. at 7). The Appeals Council denied Plaintiff's request for review on August 31, 2001. (R. at 2-3). Plaintiff now seeks review of the Social Security Administration's denial of benefits for lack of disability.

## II.  DISCUSSION

Plaintiff makes two main arguments in challenging the ALJ's decision. First, she argues that his decision was not based on substantial evidence in the record. Upon review of the record, however, the Court finds that the ALJ's decision was indeed based on substantial evidence. Second, Plaintiff argues that the ALJ erred in using the medical-vocational guidelines ("the Guidelines") to determine her residual functional capacity, and instead should have employed a vocational expert for testimony regarding that issue. The ALJ's use of the Guidelines, however, was proper for consideration of nonexertional limitations in this case.

      A.  Standard Of Review For Social Security Appeals

The Commissioner's decisions as to questions of fact are conclusive before a reviewing court if they are supported by "substantial evidence in the record." 42 U.S.C. § 405(g); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000). "Substantial evidence" means more than "a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

The Third Circuit has made it clear "that determination of the existence *vel non* of substantial evidence is *not* merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve, a conflict created by countervailing evidence." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983). The ALJ must analyze all the evidence and explain the weight he has given to probative exhibits. Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978) (internal citation omitted). As the Third Circuit has held, access to the ALJ's reasoning is indeed essential to a meaningful court review. Fargnoli, 247 F.3d at 42. Nevertheless, the district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).

B.  Standard For Awarding Benefits

A plaintiff may not receive benefits under the Act unless he or she first satisfies certain requirements.  The plaintiff must be disabled, which is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual is not disabled unless "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  42 U.S.C. § 423(d)(2)(A).

Regulations promulgated under the Act establish a five-step process for an ALJ's evaluation of a claimant's disability.  20 C.F.R. § 404.1520.  In the first step, the ALJ must determine whether the claimant is currently engaged in "substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is working and the work is a substantial gainful activity, his application for disability benefits is automatically denied.  Id.  If the claimant is not employed, the ALJ proceeds to step two and determines whether the claimant has a severe impairment or combination of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  A claimant who does not have either a severe impairment or a combination of impairments is not disabled.  Id.  Third, if the impairment is found to be severe, the ALJ determines whether the impairment meets or is equal to those impairments listed in Appendix 1 ("the Listing").  20 C.F.R. § 404.1520(a)(4)(iii).

If so, the claimant is conclusively presumed to be disabled, and the evaluation ends.  Id.; 20 C.F.R. § 404.1520(d).

If the impairment does not meet or equal a listed impairment, the ALJ proceeds to step four, which requires a determination of:  (1) the claimant's capabilities despite limitations imposed by an impairment ("residual functional capacity" or "RFC"); and (2) whether those limitations prevent the claimant from returning to work performed in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is found capable of performing his previous work, the claimant is not disabled.  Id.  If the claimant is no longer able to perform his prior line of work, the evaluation must continue to the last step.  The fifth step requires a determination of whether the claimant is capable of adjusting to other work available in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  The ALJ must consider the RFC assessment, together with the claimant's age, education, and past work experience.  20 C.F.R. § 404.1520(g).  Entitlement to benefits thus turns on a finding that the claimant is incapable of performing his past work or some other type of work in the national economy because of his impairments.

Application of these standards involves shifting burdens of proof.  The claimant has the burden of demonstrating both steps one and two, i.e., an absence of present employment and the existence of a medically severe impairment.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant is unable to meet this burden, the process ends, and the claimant does not receive benefits.  Id.  If the claimant carries this burden and demonstrates that the impairments meet or equal those within the Listing, the claimant has satisfied the burden of proof and is automatically entitled to benefits.  Id.  If the claimant is not conclusively disabled under the criteria set forth in the Listing, step three is not satisfied, and the claimant must prove "at step four that the

impairment prevents him from performing his past work." Id.  Thus, it is the claimant's duty to offer evidence of the physical and mental demands of past work and explain why he is unable to perform such work.  If the claimant meets this burden, the burden of proof then shifts to the Commissioner to show, at step five, that the "claimant is able to perform work available in the national economy."  Id.  The step five analysis "can be quite fact specific."  Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 126 (3d Cir. 2000).

### C.  The ALJ's Decision Was Based Upon Substantial Evidence In The Record

The ALJ considered all the relevant evidence in determining that Plaintiff was not disabled.  Plaintiff contests the ALJ's determination that she retained the residual functional capacity to perform her past relevant work.  (See Pl.'s Br. at 11-13).  Plaintiff asserts that the ALJ failed to cite medical facts regarding Plaintiff's nonexertional limitations on work activities in an ordinary work setting.  (Pl.'s Br. at 15).  Specifically, Plaintiff argues that her obesity and limitation to only "'occasionally' climb, balance, stoop, kneel, crouch and crawl" should be found to restrict her residual functional capacity.  (Pl.'s Br. at 12).

The ALJ's decision, however, shows that he considered Plaintiff's subjective complaints in addition to the objective medical evidence in concluding that she was able to return to her past relevant work.  The ALJ did not find Plaintiff's obesity or alleged postural limitation to decrease her residual functional capacity.  (R. at 13).  Even if the ALJ had found Plaintiff to suffer from postural limitations, however, such limitations would not preclude Plaintiff from a full range of light work, especially the kind she had done in the past.  The ALJ relied on SSR 85-15 and SSR 96-9p to find that Plaintiff's restrictions against extremes of temperature, noise, vibration, fumes, and dust did not restrict her ability to perform light work.  (R. at 13-15).  The ALJ also noted that

7

a person capable of light work could also perform sedentary work. (R. at 14). Accordingly, the Court finds that the ALJ's decision was based upon substantial evidence in the record.

      D. <u>The ALJ's Use Of The Guidelines Was Proper</u>

The ALJ's use of the Guidelines was proper in this case. Plaintiff argues that the ALJ erred in using the Guidelines to determine her residual functional capacity, and instead should have employed a vocational expert for testimony regarding that issue. Her argument that experts are always required, however, relies on a misstatement of <u>Allen v. Barnhart</u>, 417 F.3d 396 (3d Cir. 2005). Plaintiff claims that the "ALJ is duty bound to either call a vocational expert or give to the claimant written notice prior to the hearing of the ALJ's intention to utilize a Social Security Rule in lieu of vocational testimony." (Pl. Br. at 10-11). Notice is not required, however, when the ALJ relies on an "SSR that includes a statement explaining how the limitation did affect the occupational job base." <u>Allen</u>, 417 F.3d at 407. Here, the ALJ relied on SSR 85-15, which states that "[w]here a person has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise, amounts of dust, etc."

Further, where nonexertional limitations exist, an ALJ may use the Guidelines as a framework and rely upon an SSR to determine how the alleged limitations affect a claimant's occupational job base. <u>Id.</u> at 404. Here, the ALJ identified Plaintiff as suffering some nonexertional limitations. (R. at 14). As required by <u>Allen</u>, the ALJ explained his use of the Guidelines, saying Plaintiff's age ("younger individual"), education ("limited"), and residual functional capacity ("[t]ransferability of skills is not an issue")" were the reasons he found her not disabled. (R. at 15-16). The ALJ also considered SSR 85-15, which states that the

applicable nonexertional limitations would not affect Plaintiff's occupational job base. (R. at 15). The ALJ's conclusion that Plaintiff could perform light work was based on his consideration of the factors specified in the Guidelines. Use of the Guidelines in this case, based on the reasoning in <u>Allen</u>, is proper.

### III.  CONCLUSION

For the reasons stated herein, Plaintiff's appeal is denied. An appropriate form of order accompanies this Memorandum Opinion.

Dated: August 3, 2006


    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.